16 MISC 327

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

In re:                                              :
                                                    :
RULE 45 SUBPOENA ISSUED TO SIMON &                  :
SCHUSTER, INC.                                      :   Misc. No. 16-_____
                                                    :
Regarding the United States District Court for the  :   (Pending in the United States District
Middle District of Tennessee case,                  :   Court for the Middle District of
                                                    :   Tennessee, Nashville Division, Case
SHERRILYN KENYON,                                   :   No. 3:16-cv-0191)
                                                    :
        Plaintiff,                                  :
                                                    :
v.                                                  :
                                                    :
CASSANDRA CLARE,                                    :
a/k/a JUDITH RUMELT,                                :
a/k/a JUDITH LEWIS, et al.                          :
                                                    :
        Defendants.                                 :
------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SHERRILYN KENYON'S
MOTION TO COMPEL SIMON & SCHUSTER, INC.'S
COMPLIANCE WITH FRCP 45 SUBPOENA**

Donald E. Watnick
**Law Offices of Donald Watnick**
200 West 41st Street, 17th Floor
New York, NY  10036
Telephone: (212) 213-6886
Email:  dwatnick@watnicklaw.com
            - and –
Tonya J. Austin
(pro hac application forthcoming
**Frost Brown Todd LLC**
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Telephone: (615) 251-5568
Email:  TAustin@fbtlaw.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ............................................................................................................... 1

FACTS ................................................................................................................................. 2

STANDARD OF REVIEW ................................................................................................. 6

ARGUMENT ....................................................................................................................... 6

    A.  Kenyon's Requests Are Relevant And Directly Tied To The Claims Of Trademark
        Infringement And Unfair Competition. ................................................................. 7

    B.  S&S's Objections Are Not Valid And This Court Should Compel Compliance With The
        Subpoena. ................................................................................................................ 9

        1.  Objections to Request Nos. 2 - 7 and 9. ....................................................... 10

        2.  Objections to Request No. 8. ........................................................................ 12

Conclusion .......................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Audi AG v. D'Amato,*
   469 F.3d 534 (6th Cir. 2006) ................................................................................................. 7

*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.,*
   109 F.3d 275 (6th Cir. 1997) ................................................................................................. 7

*Haworth, Inc. v. Herman Miller, Inc.,*
   998 F.2d 975 (Fed. Cir. 1993) .............................................................................................. 10

*In re Biovail Corp. Sec. Litig.,*
   247 F.R.D. 72 (S.D.N.Y. 2007) .............................................................................................. 6

*In re Honeywell Int'l, Inc. Sec. Litig.,*
   230 F.R.D. 293 (S.D.N.Y. 2003) ..................................................................................... 7, 11

*Oppenheimer Fund, Inc. v. Sanders,*
   437 U.S. 340 (1978) ............................................................................................................... 7

**Statutes**

15 U.S.C. § 1051 ........................................................................................................................ 7
15 U.S.C. § 1114(a) ................................................................................................................... 7
§ 1114 ......................................................................................................................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In re:                                                      : Misc. No. 16-_____
                                                            :
RULE 45 SUBPOENA ISSUED TO SIMON &                          : (Pending in the United States District
SCHUSTER, INC.                                              : Court for the Middle District of
                                                            : Tennessee, Nashville Division, Case
Regarding the United States District Court for the          : No. 3:16-cv-0191)
Middle District of Tennessee case,                          :
                                                            :        **MEMORANDUM OF LAW IN**
SHERRILYN KENYON,                                           :          **SUPPORT OF PLAINTIFF**
                                                            :     **SHERRILYN KENYON'S MOTION**
           Plaintiff,                                       :           **TO COMPEL SIMON &**
                                                            :     **SCHUSTER, INC.'S COMPLIANCE**
v.                                                          :          **WITH FRCP 45 SUBPOENA**
                                                            :
CASSANDRA CLARE,                                            :
a/k/a JUDITH RUMELT,                                        :
a/k/a JUDITH LEWIS, et al.                                  :
                                                            :
           Defendants.                                      :
------------------------------------------------------- X

## INTRODUCTION

Plaintiff Sherrilyn Kenyon ("Kenyon" or "Plaintiff"), plaintiff in the above-captioned

action now pending in the United States District Court for the Middle District of Tennessee (the

"Tennessee Action"), respectfully submits this Memorandum of Law in support of her motion for

an order, pursuant to Federal Rules of Civil Procedure 45(d)(2)(B)(i) and 37, to compel Simon &

Schuster, Inc. ("S&S") to comply with a subpoena *duces tecum* issued to it in connection with the

Tennessee Action.  The Tennessee Action concerns Kenyon's trademark infringement and unfair

competition claims against Defendant Cassandra Clare's ("Defendant" or "Clare").

In connection with the Tennessee Action, on May 25, 2016, we issued a subpoena *duces*

*tecum* to non-party S&S (the "Subpoena").  (A true and accurate copy of the Subpoena is annexed

1

as Exhibit 1 to the accompanying Declaration of Tonya J. Austin, dated September 1, 2016 ("Austin Decl.")). The Subpoena seeks documents and communications relating to Clare from her publisher, S&S. Specifically, the Subpoena seeks documents and communications relating to the creation and branding of Clare's works and associated website, decisions to use the "Shadowhunters" name, decisions to use and distribute Clare's works that contained Plaintiff's "Dark-Hunters" mark, contracts related to the same, and financial records regarding payments to Clare. These documents and communications are highly relevant to Kenyon's trademark infringement and unfair competition claims, and must be sought from S&S. Despite Kenyon's efforts to narrow the scope of the Subpoena and eliminate any undue burden on S&S in responding to the Subpoena, S&S has refused to produce the vast majority of the requested documents until party discovery is complete.

## FACTS

The facts relevant to this motion are set forth in Austin Declaration and the pleadings in the Tennessee Action, which are referred to therein. In short, on May 16, 2016, Kenyon, an author, filed her First Amended Complaint against Clare, another author, for trademark infringement and unfair competition. (Austin Decl., ¶ 6; Ex. 2 thereto). On May 25, 2016, Kenyon issued the Subpoena upon non-party S&S. (*Id.*; Ex. 1 thereto). S&S is the publisher of nearly all of Clare's works at issue in the Tennessee Action. To date, S&S has refused to fully comply with the Subpoena.[1] (*Id.* ¶ 3; Ex. 6 thereto).

On June 8, 2016, S&S responded to the Subpoena with general and specific objections to each document request. (*Id.* ¶ 11). Realizing the wrong document had been inadvertently attached to the Subpoena as Exhibit A, on June 27, 2016, Kenyon e-mailed S&S a corrected Exhibit A,

---

[1] S&S made a small production of agreements upon Kenyon on August 25, 2016. (*Id.* ¶¶ 16, 19).

2

which more accurately detailed her document requests.  (*Id.* ¶ 11; Ex. 4 thereto).  At that same time,

Kenyon provided S&S with a copy of the Case Management Order – to which both parties agreed

– that clearly explained that discovery in the case is not stayed during the pendency of a dispositive

motion.  (*Id.* ¶ 11; Ex. 3 thereto).

By letter dated July 8, 2016, S&S responded to the requests in revised Exhibit A to the

Subpoena, again, objecting to each document request.  (*Id.* ¶ 12; Ex. 5 thereto).  In its response,

S&S further indicated that it would be willing to meet and confer on the scope of Kenyon's

document requests, but only on the conditions that (1) Kenyon must first exhaust her discovery

efforts on Clare as a source for the subject documents; and (2) any document production would be

delayed until after the Court had decided a pending Motion to Dismiss (*see* Doc. No. 41 filed by

Clare in the Tennessee Action.).[2]  (Austin Decl. ¶ 12; Ex. 5 thereto).

Thereafter, Kenyon and S&S exchanged telephone calls and emails related to the document

requests.  (*Id.* ¶ 13).  These communications yielded a further narrowing of Kenyon's document

requests that were summarized and provided to S&S on July 19, 2016.    In fact, Kenyon's

document requests were reduced from fifteen to nine as a result of the consultation (hereafter the

"Request No. 1 - 9").  (*Id.* ¶ 13; Ex. 6 thereto).  These requests are as follows:

> Request 1:  All contracts and license agreements including
> amendments, relating to the novels in the Shadowhunter Series (as
> defined in the Request No. 2 of the revised Exhibit A), to the extent
> those novels were published by Simon & Schuster.
>
> Request 2:  Documents and communications with Cassandra Clare,
> or her representatives or agents, regarding the decision to include
> "A Shadowhunter Novel" on the redesigned cover of certain books
> within the Shadowhunter Series.
>
> Request 3:  Author questionnaires completed by Cassandra Clare, or
> her representatives or agents, and any documentation provided to

---

[2] All references to Electronic Case File documents are found in the electronic docket in *Kenyon v. Clare*, No. 3:2016-cv-00191 (M.D. Tenn. 2016), which is available at www.tnmd.uscourts.gov/cmecf.

Simon & Schuster by same regarding the visual representation of the characters in the Mortal Instrument Series.

Request 4: Documents and communications with Cassandra Clare, or her representatives or agents, regarding the decision to redirect www.mortalinstruments.com<http://www.mortalinstruments.com>><http://www.mortalinstruments.com<http://www.mortalinstruments.com>> to www.shadowhunters.com<http://www.shadowhunters.com>><http://www.shadowhunters.com<http://www.shadowhunters.com>>.

Request 5: Documents and communications with Cassandra Clare regarding the design of the website www.shadowhunters.com<http://www.shadowhunters.com>><http://www.shadowhunters.com<http://www.shadowhunters.com>>, including the decision to obtain the domain name "shadowhunters.com<http://shadowhunters.com><http://shadowhunters.com<http://shadowhunters.com>>".

Request 6: Communications with Cassandra Clare, or her representatives or agents, relating to the 2009 use of "Darkhunter" on the cover of the novel City of Bones.

Request 7: Documents and communications regarding Cassandra Clare's review and/or approval of the 2009 cover of the novel City of Bones containing the word "Darkhunter", including documents and communications relating to the final "mechanic" approved for printing the cover.

Request 8: Documents and communications directed to Simon & Schuster regarding confusion between the Shadowhunters Series and Sherrilyn Kenyon's series of books regarding Dark-Hunters.

Request 9: Documents and communications relating to money paid to Cassandra Clare or her representatives, agents or assigns regarding the Shadowhunter Series (to the extent it was published by Simon & Schuster).

S&S was further made aware that the parties were negotiating the terms of a protective order, which Clare's counsel had initially proposed. (*Id.* ¶ 13; Ex. 6 thereto). S&S responded six days later to inform Kenyon that it was still evaluating the requests. (*Id.*).

On July 27, 2016, Clare filed a Motion to Stay Discovery pending the outcome of her Motion to Dismiss (Doc. No. 48; Doc. No. 49). On July 29, 2016, S&S sent an email to Kenyon